UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohsen NEJAD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Christopher LAROSE,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-2425-AGS-JLB<br><br>**AMENDED ORDER REQUIRING RESPONSE** |

　　　Petitioner Mohsen Youseffi Nejad seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, the Court need not assess his likelihood of success, but he has set out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　Nejad was "ordered removed in 2011," but his removal was "deferr[ed]" due to his "conversion to Christianity," which made it "more likely than not that he would be tortured or killed if returned to Iran," and he was released. (ECF 1, at 8.) Yet on June 24, 2025, he returned to immigration custody. (*Id.*) Nejad claims the government revoked his release even though there is no "reasonably foreseeable" likelihood of removal due to his inability to return to Iran, and he was not given "notice" of the "reasons for revocation," all in violation of the Due Process Clause. (*Id.* at 3.) It appears from the face of the petition that he may be entitled to relief. *See* 8 C.F.R. § 241.13(i)(2) ("The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien

1  may be removed in the reasonably foreseeable future."); *id.* § 241.13(i)(3) ("Upon
2  revocation, the alien will be notified of the reasons for revocation of his or her release.").
3        The previously set deadlines are vacated. By **October 2, 2025**, respondent must
4  respond to the petition. Petitioner may, but is not required to, file a reply in support of the
5  habeas petition by **October 16, 2025**.

Dated:  September 23, 2025

                                                Hon. Andrew G. Schopler
                                                United States District Judge